FILED
IN CLERKS OFFICE
2018 APR -2 PM 4: 45
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIM NO. |
| v. ) | 17-10378-NMG |
| ) | |
| BRIAN AUGUSTINE JOYCE, ) | |
| ) | |

**MOTION OF THE BOSTON BAR ASSOCIATION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

Proposed *amicus curiae* the Boston Bar Association ("BBA") respectfully requests leave to file the attached brief *amicus curiae* with respect to the Government's Motion to Disqualify and Request for Authorization to Issue a Subpoena to Attorney Howard M. Cooper. As grounds for its motion, the BBA states as follows:

1. The BBA is a voluntary organization of over 12,000 lawyers, judges, and law students. The BBA was founded in 1761 by John Adams and other Boston lawyers and is the nation's oldest bar association. Its mission is to facilitate access to justice, advance the highest standards of excellence for the legal profession, and serve the community at large. From its early beginnings, the BBA has served as a resource for the judicial, legislative and executive branches of government.

2. The BBA has a strong interest in protecting the sanctity of the attorney-client relationship and in safeguarding the constitutional right of lawyers to advocate on behalf of their clients. It has appeared as an intervenor or as *amicus curiae* in several cases relating to these issues. *See, e.g., United States v. Klubock*, 639 F. Supp. 117 (D. Mass. 1986), *aff'd*, 832 F.2d 649 (1st Cir.), *aff'd on reh'g*, 832 F.2d 664 (1st Cir. 1987) (intervenor); *Stern v. U.S. Dist. Court for Dist. of Mass.*, 214 F.3d 4, 7 (1st Cir. 2000) (amicus); *United States v. Legal Servs. for New York City*, 249 F.3d 1077 (D.C. Cir. 2001) (amicus); *Suffolk Const. Co. v. Div. of Capital Asset Mgmt.*,

449 Mass. 444, 870 N.E.2d 33, 35 (2007) (amicus); *Am. Civil Liberties Union v. Nat'l Sec. Agency*, 493 F.3d 644 (6th Cir. 2007) (amicus); *Hanover Ins. Co. v. Rapo & Jepsen Ins. Servs., Inc.*, 449 Mass. 609, 870 N.E.2d 1105 (2007); *The Real Estate Bar Ass'n For Mass., Inc. v. Nat'l Real Estate Info. Servs.*, 608 F.3d 110 (1st Cir. 2010) (amicus); *RFF Family P'ship, LP v. Burns & Levinson, LLP*, 465 Mass. 702, 991 N.E.2d 1066 (2013) (amicus).

3. The BBA understands that proposed *amici curiae* the Massachusetts Bar Association, *et al.*, will brief the important Sixth Amendment issues raised by the government's motion. The BBA seeks leave to file an *amicus curiae* brief to address distinct but important First Amendment issues regarding counsel's right to petition the government for relief on behalf of a client and to advocate for a client in the court of public opinion that it believes are implicated by the government's motion.

4. The Court has discretion to permit the filing of amicus curiae briefs. *See, e.g., Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 568 (1st Cir.1999) (district court "reasonably concluded" that "any variations of legal argument could adequately be presented in amicus briefs"); *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 807 F.3d 472 (2015) (affirming district court's order allowing filing of amicus brief in lieu of intervention); *Boston Gas Co. v. Century Indem. Co.*, No. 02-12062-RWZ, 2006 WL 1738312, at *1 n.1 (D. Mass. Jun. 21, 2006) ("[Federal district] courts have inherent authority and discretion to appoint amici.").

5. The BBA has limited its proposed brief to nine pages in length and approximately 2594 words.

6. The defendant has consented to this motion, and the government has advised that it does not object to the filing of the motion.

449 Mass. 444, 870 N.E.2d 33, 35 (2007) (amicus); *Am. Civil Liberties Union v. Nat'l Sec. Agency*, 493 F.3d 644 (6th Cir. 2007) (amicus); *Hanover Ins. Co. v. Rapo & Jepsen Ins. Servs., Inc.*, 449 Mass. 609, 870 N.E.2d 1105 (2007); *The Real Estate Bar Ass'n For Mass., Inc. v. Nat'l Real Estate Info. Servs.*, 608 F.3d 110 (1st Cir. 2010) (amicus); *RFF Family P'ship, LP v. Burns & Levinson, LLP*, 465 Mass. 702, 991 N.E.2d 1066 (2013) (amicus).

3. The BBA understands that proposed *amici curiae* the Massachusetts Bar Association, *et al.*, will brief the important Sixth Amendment issues raised by the government's motion. The BBA seeks leave to file an *amicus curiae* brief to address distinct but important First Amendment issues regarding counsel's right to petition the government for relief on behalf of a client and to advocate for a client in the court of public opinion that it believes are implicated by the government's motion.

4. The Court has discretion to permit the filing of amicus curiae briefs. *See, e.g., Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 568 (1st Cir.1999) (district court "reasonably concluded" that "any variations of legal argument could adequately be presented in amicus briefs"); *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 807 F.3d 472 (2015) (affirming district court's order allowing filing of amicus brief in lieu of intervention); *Boston Gas Co. v. Century Indem. Co.*, No. 02-12062-RWZ, 2006 WL 1738312, at *1 n.1 (D. Mass. Jun. 21, 2006) ("[Federal district] courts have inherent authority and discretion to appoint amici.").

5. The BBA has limited its proposed brief to nine pages in length and approximately 2518 words.

6. The defendant has consented to this motion, and the government has advised that it does not object to the filing of the motion.

WHEREFORE, the BBA respectfully requests that the Court grant this motion and accept the attached *amicus curiae* brief for filing.

**THE BOSTON BAR ASSOCIATION**

By its attorneys,

/s/Jonathan M. Albano
Jonathan M. Albano
BBO #013850
jonathan.albano@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
+1.617.341.7700

Dated: April 2, 2018

### CERTIFICATE OF SERVICE

I, Jonathan M. Albano, hereby certify that, upon leave being granted this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants and that copies will be served by email on counsel of record on April 2, 2018.

/s/Jonathan M. Albano
Jonathan M. Albano